UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

TERRANCE A. MILES,

   Plaintiff,

v.                                            Civil Action No. TDC-23-2666

GAIL WATTS, *Director*, and
RENARD BROOKS, *Deputy Director*,

   Defendants.

**MEMORANDUM ORDER**

    Self-represented Plaintiff Terrance A. Miles, who was a pretrial detainee at the Baltimore County Detention Center ("BCDC") in Towson, Maryland at the time of the relevant events in this case, has filed this civil action pursuant to 42 U.S.C. § 1983 against Defendants BCDC Director Gail Watts and BCDC Deputy Director Renard Brooks, in which he alleges that his conditions of confinement during his pretrial detention at BCDC were "deplorable." Am. Compl. at 4, ECF No. 6. Defendants have filed a Motion to Dismiss. ECF No. 12. Though informed of his right to respond, Miles has not filed a memorandum in opposition to the Motion. Having reviewed the submitted materials, the Court finds that no hearing is necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, the Motion will be GRANTED.

**BACKGROUND**

    In the Amended Complaint, Miles alleges that he lacks a place to store food purchased from the commissary; that mice eat his food and leave feces on his bed; that mold is present on his drinking faucet, in the shower, and on his sleeping mattress, which is also infested with mites; and that the mop head is not changed and fruit flies are everywhere. Miles also alleges that correctional

staff use the same gloves to serve food and to search inmates and cells, that both dead and living mice are rampant in the kitchen, and that he has advised several officers regarding the conditions. Miles states that he has been ill several times and has lost money because he has had to discard his commissary items.

## DISCUSSION

In their Motion, Defendants seek dismissal under Federal Rule of Civil Procedure 12(b)(6). Defendants argue that (1) Miles did not exhaust administrative remedies; (2) BCDC is not an entity amenable to suit; (3) Miles has pleaded insufficient facts to support his claims; and (4) Defendants are entitled to qualified immunity.

### I.   Legal Standard

To defeat a motion to dismiss under Rule 12(b)(6), the complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when the facts pleaded allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although courts should construe pleadings of self-represented litigants liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), legal conclusions or conclusory statements do not suffice, *Iqbal*, 556 U.S. at 678. The Court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005).

When deciding a motion to dismiss under Rule 12(b)(6), the Court generally may consider only the complaint and any attached documents. *Sec'y of State for Def. v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007). The Court may also consider documents attached to the motion if they are integral to the complaint and authentic. *Id.* Here, Defendants have attached

exhibits to the Motion, including a printout from an BCDC Housing Location History database and an affidavit by BCDC Management Analyst Stephen Verch, in which Verch asserts that he is responsible for processing any complaint forms filed by individuals detained at BCDC, that he keeps a record of all such complaints, and that he has searched the relevant files and found no administrative complaints filed by Miles from November 18, 2022 to January 19, 2024. Because such exhibits cannot fairly be deemed to be integral to the complaint, the Court may not consider them without converting the motion to a motion for summary judgment. *See* Fed. R. Civ. P. 12(d). While the Court may do so under certain circumstances, Defendants have not filed the Motion, even in the alternative, as one seeking summary judgment. Accordingly, the Court may not consider the exhibits in resolving the Motion.

## II.     Exhaustion of Administrative Remedies

Defendants assert that the Amended Complaint should be dismissed because Miles has not exhausted administrative remedies. Under the Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104-134 § 803, 110 Stat. 1321 (1996) (codified as amended at 42 U.S.C. § 1997e(a)):

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a) (2018). Inmates must exhaust administrative remedies before they bring any "suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Exhaustion is mandatory and generally may not be excused unless the administrative procedure is not available. *See Ross v. Blake*, 578 U.S. 632, 642 (2016) (holding that an inmate "must exhaust available remedies, but need not exhaust unavailable ones"). "[A]n administrative

remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it." *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008). In *Ross*, the United States Supreme Court identified three circumstances when an administrative remedy is unavailable: when officers are "unable or consistently unwilling to provide relief to aggrieved inmates," when the procedure is "so opaque that it becomes, practically speaking, incapable of use," or when "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross*, 578 U.S. at 643-44.

Although Defendants argue that Miles was required to but failed to plead that he exhausted administrative remedies, such exhaustion is an affirmative defense, so it is Defendants who must establish that Miles has not met this requirement. *Jones v. Bock*, 549 U.S. 199, 215-16 (2007); *Custis v. Davis*, 851 F.3d 358, 361 (4th Cir. 2017). Here, where Defendants' assertion of a failure to exhaust administrative remedies is based on an affidavit that the Court may not consider on a Motion to Dismiss, the Court will not grant the Motion on this basis.

### III. Failure to State a Claim

Defendants also seek dismissal on the grounds that the allegations in the Amended Complaint fail to state a plausible claim for relief against either Director Watts or Deputy Director Brooks. Generally, for an individual to be held liable under 42 U.S.C. § 1983, it must be "affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights." *Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985). The doctrine of *respondeat superior*, or vicarious liability, does not apply on a § 1983 claim. *See id.*; *Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004). Other than naming Director Watts and Deputy Director Brooks as

defendants, Miles does not provide any factual allegations of any acts or omissions by either of them that would support personal liability.

A supervisory official such as Director Watts or Deputy Director Brooks may be held liable under a theory of supervisory liability, under which a plaintiff must show that: (1) the supervisor had actual or constructive knowledge that the subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to the knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *See Shaw v. Stroud,* 13 F.3d 791, 799 (4th Cir. 1994).  Miles has not alleged facts showing that the Defendants had any actual or constructive knowledge of any of the conditions referenced in the Amended Complaint, or that Miles was subjected to such conditions.  He therefore has failed to state a claim against Defendants.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that:

1. Defendants' Motion to Dismiss, ECF No. 12, is GRANTED.

2. The Clerk shall send a copy of this Order to Miles.

3. The Clerk shall close this case.

Date:  March 29, 2024

THEODORE D. CHUANG
United States District Judge